IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARL JEROME HOLMES, : | |
| Petitioner : | |
| VS. : | **7 : 04-CV-126 (HL)** |
| B.G. COMPTON, Warden, : | |
| Respondent. : | |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on September 24, 2004.

Pursuant to the AEDPA, which became effective on April 24, 1996 and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

On March 1, 1990, the petitioner pled guilty to possession of cocaine with intent to distribute and three counts of burglary in the Superior Court of Berrien County. He did not pursue a direct appeal, but filed a petition for habeas corpus in the Superior Court of Fulton County on June 13, 1997. Following a hearing, that court entered an order denying relief on March 29, 1999. Petitioner's application for a

certificate of probable cause to appeal the denial was denied on June 3, 2003.

In <u>Wilcox v. Florida Dep't. of Corrections</u>, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996.  Thus, these prisoners, such as the petitioner herein, were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction. <u>See also</u>, <u>Goodman v. United States</u>, 151 F.3d 1335 (11th Cir. 1998).  When this one-year grace period is applied to the facts herein it is clear that the petitioner failed to file this federal habeas petition in a timely manner.

The court notes that the tolling provision of § 2244(d)(2) does not protect the petitioner herein. The petitioner's state habeas petition, filed June 13, 1997, did not toll the one-year statute of limitations, inasmuch as it was filed after the running of the one-year grace period on April 23, 1997.  <u>See, e.g.</u>, <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); <u>Morris v. Hargett</u>, 1998 WL 856144 (10th Cir. (Okla.)).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of December, 2005.

                                              s/s ***Richard L. Hodge***
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

asb